HAYNES, administratrix, v. ELLIS et al.

No. 15215.   SEPTEMBER 7, 1945.

704

*A. C. Wheeler* and *E. D. Kenyon,* for plaintiff.
*Joseph G. Collins,* and *Fred L. Brewer,* for defendants.

JENKINS, Presiding Justice. ■ In order to establish and enforce by an equitable action for specific performance an alleged oral agreement to convey real property, left unconveyed by a decedent, both the agreement and full performance of its terms on the part of the petitioner must be clearly established with all reasonable certainty, by strong and satisfactory evidence. This case is controlled in principle by the recent case of *Salmon* v. *McCrary*, 197 *Ga.* 281 (supra), and the cases there cited. Here, while the petitioner testified that decedent agreed on December 1, 1939 that if petitioner and her husband (who were tenants of decedent) would move with him to Lumpkin County and take care of him as long as he lived, he would convey to petitioners the house and lot here involved, and though the husband testified that they had fully performed their part of the agreement, the evidence is undisputed that the deceased did not in fact purchase the one-half acre lot in question on which a small house was later built, until October 4, 1940; that is about ten months subsequent to the alleged agreement to convey. Moreover, the evidence of plaintiff's husband, by whom the contract was sought to be established, was to the effect (although later withdrawn) that "we" (witness and his wife, the plaintiff) "were figuring on filing with her (the administratrix) a claim for some amount to pay for our services in waiting on him. I employed a lawyer to fix up our claim to file with Mrs. Haynes as administratrix of the estate for some amount of money to pay for our services in waiting on him." Although petitioner introduced several witnesses who testified in effect to the good treatment bestowed by them on decedent, and as to declarations by the decedent that he expected to will all of his property to them, this did not sustain, but did in fact contradict, the terms of the alleged contract to deed the specific house and lot involved; and there was evidence for the administratrix which tended to show that the petitioner did not at first make any claim for the house and lot under any alleged contract, but claimed the right to be paid compensation for services. We do not think that taking the evidence for the petitioner alone, it established the contract with any sort of certainty; certainly not with that degree of satisfactory proof sufficient to meet the requirements of law recognized and required under numerous previous decisions of this court.

■

*Judgment reversed.* *All the Justices concur, except Candler, J., disqualified.*